IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES MCKNIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.: 09-CV-00201-DRH |
| | ) |
| ILLINOIS CENTRAL RAILROAD | ) |
| COMPANY, a corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT
### COUNT I

COMES NOW the Plaintiff, **CHARLES MCKNIGHT**, by and through his attorneys, Kujawski & Associates, P.C., and for his Complaint against the Defendant, **ILLINOIS CENTRAL RAILROAD COMPANY**, a corporation, states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 et. seq., as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, **ILLINOIS CENTRAL RAILROAD COMPANY**, was and is an Illinois corporation, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained in interstate commerce, engaged in transporting interstate commerce between various states, including the States of Illinois and Kentucky.

3. That at all times mentioned herein, the Plaintiff, **CHARLES MCKNIGHT**, was and is an employee of the Defendant **ILLINOIS CENTRAL RAILROAD COMPANY**, a corporation, and had been for many years prior thereto.

1

4.  That at all times mentioned herein, all or part of the duties of the Plaintiff, as such an employee, furthered interstate commerce by the Defendant railroad or in some way directly or substantially affected said commerce.

5.  That on or about June 29, 2008, or on a date known more certainly to the Defendant, the Plaintiff was employed by the Defendant as a locomotive engineer and as such was operating locomotive engines at or near track 21 in Defendant's yard in Memphis, Tennessee.

6.  That at the above time and place, Plaintiff, while in the performance of his duty as a locomotive engineer, was injured when railroad cars were directed onto his track, causing a collision with his engines.

7.  That at said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

   (a) Failed to provide Plaintiff with a safe place to work;

   (b) Failed to provide Plaintiff with a reasonably safe manner within which to do his work;

   (c) Failed to monitor and control the movement of cars within their yard;

   (d) Failed to alert Plaintiff that a free rolling cut of cars were directed onto his track;

   (e) Failed to warn Plaintiff of an imminent collision of free rolling cars into his locomotives;

   (f) Allowed five (5) free rolling cars to come off the hump and to collide into Plaintiff's engines;

   (g) Allowed unsafe practices to become the common practice.

8. That as a direct and proximate result, in whole or in part, of one or more of the aforesaid mentioned negligent acts or omissions on the part of the Defendant, the Plaintiff, while in the performance of his duty as a locomotive engineer, and in connection with and in the scope and course of his employment, was caused to become severely injured when free rolling cars collided with his engines, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, discs, bones, and vertebrae of the neck, back, and spine; injuries to his arms and legs; emotional and psychological injuries; aggravation to a pre-existing condition; that Plaintiff has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care and treatment and services; that Plaintiff has sustained brain damage; all to Plaintiff's damages.

WHEREFORE, Plaintiff, **CHARLES MCKNIGHT**, prays judgment against the Defendant, **ILLINOIS CENTRAL RAILROAD COMPANY,** a corporation, for money in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in an amount adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest, and for such other relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT II**
**Locomotive Inspection Act**
**(Hearing Loss)**

COMES NOW the Plaintiff, **CHARLES MCKNIGHT**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for this count of his Complaint against the Defendant, **ILLINOIS CENTRAL RAILROAD COMPANY**, states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51 et. seq., and additionally, 49 U.S.C.A. Sections 20701 et. seq., commonly known as the Locomotive Inspection Act, all as more fully shown herein.

2. That at all times mentioned herein, the Defendant, Illinois Central Railroad Company, was and is an Illinois corporation, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained, in interstate commerce, engaged in transporting interstate commerce between various states including the States of Illinois and Kentucky.

3. That the Plaintiff began his employment with this Defendant in 1979, and at all times relevant herein, Plaintiff was employed by the **ILLINOIS CENTRAL RAILROAD COMPANY.**

4. That at all times mentioned herein, all or part of the duties of the plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That the Plaintiff was employed by this Defendant as a locomotive engineer, and as such, Plaintiff worked throughout Southern Illinois, all within the

4

geographical boundaries of the United States District Court for the Southern District of Illinois.

6. That throughout the majority of times relevant herein, the Defendant maintained a Claims Office in Belleville, St. Clair County, Illinois.

7. That the Defendant operated train, inspection, and repair facilities in E. St. Louis, Illinois at which location its employees inspected, repaired, and maintained locomotives, trains, tools, and equipment. Said locomotives were utilized by the Plaintiff and his co-workers.

8. That during Plaintiff's employment with the Defendant, he was routinely and repeatedly exposed to loud noise and high decibel levels in locomotive cabs, train yards, and work areas.

9. That the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY by and through its agents, servants and employees, violated the Locomotive Inspection Act, in that it failed to provide Plaintiff with a locomotive and its appurtenances, on line, which were in proper and safe condition, and safe to work on or about by committing one or more of the following acts or omissions:

    (a) Failed to reduce the noise level of its locomotives;

    (b) Exposed Plaintiff to noise levels in excess of permissible limits; and

    (c) Violated 49 C.F.R. 229.121 in exposing Plaintiff to impermissible noise levels.

10. That Plaintiff was not aware of his true medical condition until within three (3) years of the filing of this suit.

11. That as a direct and proximate result in whole or in part, of one or more of the above-foregoing acts or omissions on the part of the Defendant, by and through its

agents, servants, and employees, the Plaintiff was exposed to noise from Defendant's locomotives causing Plaintiff to sustain occupational hearing loss and severe and permanent injuries, to wit:  injuries to the nerves, soft tissues of Plaintiff's auditory system; Plaintiff sustained an aggravation of a pre-existing condition; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost, and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and he will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent loss of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, **CHARLES MCKNIGHT**, prays judgment against the Defendant **ILLINOIS CENTRAL RAILROAD COMPANY** in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

## **PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT III**
**Federal Employers' Liability Act**
**(Negligence - Hearing Loss)**

COMES NOW the Plaintiff, **CHARLES MCKNIGHT**, by and through his attorneys, **KUJAWSKI & ASSOCIATES, P.C.**, and for this Count of his Complaint against the Defendant, **ILLINOIS CENTRAL RAILROAD COMPANY**, states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51 et. seq., as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, Illinois Central Railroad Company, was and is an Illinois corporation, and as such, was a citizen and resident of the State of Illinois, and was controlled, operated, and maintained, in interstate commerce, engaged in transporting interstate commerce between various states including the States of Illinois and Kentucky.

3. That the Plaintiff began his employment with this Defendant in 1979, and at all times relevant herein, Plaintiff was employed by the **ILLINOIS CENTRAL RAILROAD COMPANY.**

4. That at all times mentioned herein, all or part of the duties of the plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That the Plaintiff was employed by this Defendant as a locomotive engineer, and as such, Plaintiff worked throughout Southern Illinois, all within the geographical boundaries of the United States District Court for the Southern District of Illinois.

6. That throughout the majority of times relevant herein, the Defendant maintained a Claims Office in Belleville, St. Clair County, Illinois.

7. That the Defendant operated train, inspection, and repair facilities in E. St. Louis, Illinois at which location its employees inspected, repaired, and maintained locomotives, trains, tools, and equipment. Said locomotives were utilized by the Plaintiff and his co-workers.

8. That during Plaintiff's employment with the Defendant, he was routinely and repeatedly exposed to loud noise and high decibel levels in locomotive cabs, train yards, and work areas.

9. That at said time and place, the Defendant, by and through its agents, servants and employees, negligently and carelessly committed one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act, to wit:

   (a) Failed to furnish the Plaintiff with a reasonably safe place in which to work;

   (b) Failed to furnish Plaintiff with a safe and suitable tools and equipment with which to do his work;

   (c) Failed to furnish Plaintiff with adequate ear plugs and/or other protective devices;

   (d) Failed to warn Plaintiff of the true nature of the hazardous effects of exposure to high noise levels without adequate protective devices;

   (e) Failed to reduce noise levels when they knew or should have known of the hazardous effect they were having on employees;

   (f) Failed to provide instructions or a method for the safe use of ear plugs;

    (g)    Failed to adequately test noise levels prior to requiring employees to work in high noise level areas;

    (h)    Failed to adequately test employees for hearing loss resulting from noise level exposure;

    (i)    Failed to require the use of safe methods to deal with high noise levels in engines where employees were working;

    (j)    Failed to prepare a safe system for dealing with high noise levels in its engines to prevent injury and/or disability to employees;

    (k)    Failed to exercise adequate care for the health and safety of employees, including the Plaintiff;

    (l)    Violated applicable provisions of the Federal Railroad Administration and/or Occupational Safety and Health Act as they apply to noise exposure;

    (m)    That at various times during Plaintiff's employment, the Defendant was in violation of FRA regulations regarding sound levels in the aforementioned yards and engines, including but not limited to the following FRA Noise Emission Compliance Regulations: 49 C.F.R., Part 210; 49 C.F.R., Part 229; and 40 C.F.R., Part 201.

10.    That Plaintiff was not aware of his true medical condition until within three (3) years of the filing of this suit.

11.    That as a direct and proximate result in whole or in part, of one or more of the above-foregoing acts or omissions on the part of the Defendant, by and through its agents, servants, and employees, the Plaintiff was exposed to noise from Defendant's locomotives causing Plaintiff to sustain occupational hearing loss and severe and permanent injuries, to wit: injuries to the nerves, soft tissues of Plaintiff's auditory system; Plaintiff sustained an aggravation of a pre-existing condition; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent

disfigurement and disability resulting from said injuries; that he has lost, and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and he will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent loss of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, **CHARLES MCKNIGHT**, prays judgment against the Defendant **ILLINOIS CENTRAL RAILROAD COMPANY** in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

        Respectfully submitted,

        KUJAWSKI & ASSOCIATES, P.C.

**By:**   <u>s/ John P. Kujawski</u>
JOHN P. KUJAWSKI, #3128922
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone: 618/622-3600
Facsimile: 618/622-3700
**ATTORNEYS FOR PLAINTIFF**