IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES McKNIGHT

    Plaintiff,

v.

ILLINOIS CENTRAL RAILROAD
COMPANY, a corporation,

    Defendant.                              Case No. 09-cv-201-DRH

## ORDER

**HERNDON, Chief Judge:**

        Before the Court is Plaintiff's Motion to Consolidate for Purposes of Discovery Directed to Liability Only (Doc. 4). Plaintiff McKnight seeks to consolidate the liability-related discovery of this case with a related case, *Farris v. Illinois Cent. R.R.*, Case No. 09-cv-205-JPG, also filed in this District.[1] The Motion states that Plaintiffs in both cases have sued for personal injuries sustained when the train they were both working on was struck by five railroad cars. Further, the Motion explains that while the injuries each Plaintiff suffered are very different in nature, the negligence and liability issues should be substantially the same. Therefore, consolidation of discovery for liability purposes only is sought as a means to further

---

[1] Both plaintiff McKnight, in this case, and plaintiff Farris, in the other case, are represented by the same law firm. Also, a similar Motion to Consolidate was also filed in *Farris v. Ill. Cent. R.R.*, Case No. 09-cv-205-JPG.

judicial efficiency and avoid overlapping, redundant discovery, although Plaintiffs still seek separate trials.

Defendant opposes Plaintiff's request for consolidation of discovery (Doc. 7), first arguing that the Court should delay its ruling on the instant Motion until Defendant's pending Motion to Transfer Venue is determined.[2] Continuing, Defendant speculates that should only one of the two cases at issue in this Motion be transferred to a different District, consolidation would be rendered improper. Aside from its request for a delay in ruling, Defendant also opposes the consolidation altogether, pointing out that separate discovery will still be necessary for issues of each Plaintiff's alleged personal injuries, as well as any discovery regarding possible contributory negligence of each Plaintiff. Defendant also suggests that it may be willing to stipulate to the use of its employees' deposition testimony (for both cases) if they testify as to the same liability issues applicable in both cases. However, Defendant asserts that a formal consolidation order will not further promote judicial efficiency, especially considering both cases are assigned to different district judges and magistrate judges.

**FEDERAL RULE OF CIVIL PROCEDURE 42(a)** allows a court to consolidate actions if they " involve a common question of law or fact." Courts are given broad discretion when determining whether or not to consolidate actions. ***See U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945),** *judgment aff'd*, **328 U.S. 654**

---

[2] Defendant has also filed a Motion to Transfer in the *Farris* case.

**(1946)**. The purpose behind a **Rule 42(a)** consolidation is to promote judicial efficiency, but not if prejudice caused to any of the parties outweighs it. *Ikerd v. Lapworth*, **435 F.2d 197, 204 (7th Cir. 1970);** *Knauer*, **149 F.2d at 520**.

In the instant case, the Court does not find that consolidating the discovery of these two cases, especially for only a limited issue, would aid in preserving judicial economy, even if there are existing common questions of law or fact. Rather, it appears the Parties can likely avoid overlapping, redundant discovery by agreeing to stipulate to the use of certain discovery items produced in one case for use in the other case. As such, in the Court's discretion, it does not find good cause under **Rule 42(a)** to consolidate and therefore Plaintiff's Motion to Consolidate for Purposes of Discovery Directed to Liability Only (Doc. 4) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 12th day of June, 2009.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District Court**